# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY CROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-2605 NAB |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Bradley Crow's appeal regarding the denial of disability insurance benefits and supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.SC. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will reverse the Commissioner's decision and remand this action.

### Issue for Review

Crow presents one error for review. Crow asserts that the administrative law judge ("ALJ") failed to include a relevant limitation regarding Crow's ability to respond to usual work situations and changes in a routine work setting in the residual functional capacity ("RFC") determination. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant

satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003).

## Discussion

Crow's sole issue on appeal states that the ALJ erred by failing to include a limitation regarding his ability to respond appropriately to usual work situations and changes in a routine work setting in the RFC determination. The RFC is defined as the most the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function

assessment of an individual's ability to do sustained work-related physical and mental activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907. "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). In making a disability determination, the ALJ shall "always consider the medical opinion in the case record together with the rest of the relevant evidence in the record." *Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009); *see also* 20 C.F.R. §§ 404.1527(b), 416.927(b).

**Dr. Thomas J. Spencer's Psychological Evaluation and Medical Source Statement (Mental)**

The Social Security Administration hired Dr. Thomas J. Spencer, a licensed psychologist, to prepare a psychological evaluation and mental medical source statement regarding Crow. The evaluation occurred on May 6, 2016. (Tr. 525). Dr. Spencer reviewed Crow's mental health records, his allegations, and conducted an in-person interview. (Tr. 525.) Dr. Spencer prepared a written psychological evaluation and a medical source statement of ability to do work-related activities (mental). (Tr. 525-531.)

During his interview, Crow reported to Dr. Spencer that he applied for benefits due to chronic back and ankle pain and bipolar disorder. (Tr. 527.) Crow stated that he had been clean from methamphetamine use for "maybe six months." (Tr. 527.) Crow stated he had been involved in a motor vehicle accident, which resulted in a broken back and ankle. (Tr. 525.)

---

[1] A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

Crow informed Dr. Spencer that he had been hospitalized two or three times, most recently with a suicide attempt two years prior to the interview. (Tr. 526.) Crow stated that he spent most of day at home watching TV and occasionally he goes to town. (Tr. 527.) Crow stated that his mind races and he cannot sleep, think straight, focus, or stay on task. (Tr. 526.) Crow also stated that a full moon caused an increase in symptoms and he has a history of reckless spending. (Tr. 526.) Crow noted that he has highs that last a few days before he crashes and becomes depressed. (Tr. 526.)

Dr. Spencer observed that Crow's eye contact was intermittent and looked to be in mild physical distress. (Tr. 527.) Dr. Spencer described Crow as antsy and restless. (Tr. 527.) Dr. Spencer described Crow's judgment and insight as "questionable." (Tr. 527.) Although Crow exhibited "underlying paranoid ideation," his flow of thought was intact and he denied any hallucinations. (Tr. 527.) Based on Crow's vocabulary, grammar, and general fund of knowledge, Dr. Spencer opined that Crow was of average intelligence. (Tr. 527.) Dr. Spencer diagnosed Crow with bipolar disorder, anxiety disorder not otherwise specified, methamphetamine abuse history, and alcohol dependence in sustained remission. (Tr. 527.)

In the mental medical source statement, Dr. Spencer stated that Crow had marked limitations in understanding, remembering, and carrying out complex instructions and making complex work related decisions. (Tr. 529.) He also opined that Crow had marked limitations in responding appropriately to usual work situations and to changes in a routine work setting. (Tr. 530.) As stated on the mental medical source statement, marked limitation means there is a "serious limitation in this area. There is a substantial loss in the ability to effectively function." (Tr. 529.)

The ALJ determined that the Plaintiff had the RFC to perform unskilled sedentary work with the following non-exertional limitations: (1) simple, routine, repetitive tasks in a low-stress environment; (2) no more than occasional decision making or judgment; (3) no more than occasional changes in the work setting; (4) no contact with the public; (5) only casual and infrequent contact with co-workers; and (6) no more than four contacts with supervisors concerning work duties per day. (Tr. 20).

The ALJ gave substantial evidentiary weight to Dr. Spencer's consultative examination, because it was not inconsistent with the mental health record as a whole, his expertise in the psychological realm, and because his opinions were consistent with the mental status evaluation results he obtained. (Tr. 21.)

**Vocational Expert Interrogatories**

The ALJ submitted a vocational interrogatory to vocational expert ("VE") Jenifer LaRue. (Tr. 255-58.) In the interrogatory, the ALJ presented the following hypothetical:

> Assume a hypothetical individual who was born on February 9, 1978, has at least a high school education and is able to communicate in English as defined in 20 CFR 404.1564 and 416.964, and has work experience as described in your response to question #6. Assume further that this individual has the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is unable to climb ladders, ropes, or scaffolds, kneel, crouch and crawl but he can occasionally climb ramps or stairs and stoop. He is unable to reach overhead bilaterally. He is to avoid exposure to extreme vibration, all operational control of moving machinery, working at unprotected heights, and the use of hazardous machinery. He is limited to occupations that involve only simple, routine and repetitive tasks. In a low stress job defined as requiring only occasional decision making, only occasional judgment, and only occasional changes in the work setting with no contact with the public, only casual and infrequent contact with co-workers, and contact with supervisors concerning work duties (when work duties are

6

being performed satisfactorily) occurring no more than four
times per workday.

The VE opined that the individual would be unable to perform any past relevant work, because all past relevant work exceeded the sedentary exertional level. (Tr. 262.) The VE also opined that the hypothetical individual could find work in the national economy as a document preparer, eyeglass polisher, and stuffer. (Tr. 262.) Crow's attorney submitted an additional interrogatory to the VE. (Tr. 273-74.) In that interrogatory, the attorney asked assuming the same limitations in the ALJ's hypothetical that the individual "suffered from a marked limitation (defined as a substantial loss of ability to effectively function in the area) in his ability to respond appropriately to usual work situations and to changes in a routine work setting." (Tr. 273.) The VE responded that if the additional limitation was included, the hypothetical person would be unable to perform the jobs identified in the original vocational interrogatory. (Tr. 277.)

**Analysis**

Crow asserts that the ALJ erred in not considering one of the limitations in Dr. Spencer's assessment, that Plaintiff had a marked limitation in his ability to respond appropriately to usual work situations and changes in a routine work setting. (Tr. 530). Based on a review of the evidence in the record as a whole, the Court finds that substantial evidence does not support the ALJ's RFC determination regarding Crow's impairments.

In this case, the parties focus their argument on Dr. Spencer's opinion and whether and how the ALJ included limitations regarding Crow's non-exertional impairment specifically, marked limitation in responding appropriately to usual work situations and to changes in a routine work setting. The more precise issue involves the reliance on the vocational expert's testimony. The VE testified that with the limitations proposed by the ALJ, there would be jobs in the national economy that Crow could perform. But, in response to Crow's counsel's question

whether Crow would be able to perform the aforementioned jobs with the additional limitation of marked limitation in responding appropriately to usual work situations and to changes in a routine work setting, the VE stated there would be no jobs available. The ALJ dismissed the VE's answer to Plaintiff's counsel's interrogatory, because the ALJ believed that counsel's question did not provide specific losses of functioning, therefore, the VE conjured up her own losses of functioning in the answer.

"The testimony of a vocational expert is required when a claimant has satisfied his initial burden of showing that he is incapable of performing his past relevant work." *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). The testimony of a VE should be consistent with the DOT. *See* Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 at *2 (December 4, 2000). "The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). These impairments must be based on the "substantial evidence on the record and accepted as true and capture the concrete consequences of those impairments." *Jones v. Astrue*, 619 F.3d 963, 972 (8th Cir. 2010). If the hypothetical question is properly formulated, then the testimony of the VE constitutes substantial evidence. *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996).

It is undisputed that the ALJ gave significant weight to Dr. Spencer's opinion. Neither the ALJ nor the Commissioner express disagreement with Dr. Spencer's finding that Crow was markedly limited in responding appropriately to usual work situations and to changes in a routine work setting. The Commissioner asserts that the ALJ accounted for the marked limitations in Dr. Spencer's opinion. Upon examination of the questions actually submitted to the VE, however, the Court disagrees. The ALJ's RFC determination contains a limitation of "no more

than occasional changes in the work setting." The word "occasional" is commonly used in the social security context and the VE did not express any difficulty with the meaning of this term. *See Weiser v. Berryhill*, 4:16-CV-1519 AGF, 2017 WL 4264009 at *3 (E.D. Mo. Sept. 26, 2017) (VE did not express that she misunderstood ALJ's hypothetical, which contained commonly used term occasional in the social security context). Then, the VE received Crow's counsel's interrogatory. This interrogatory specifically stated

> Assume a hypothetical individual with the same limitations as the individual in #7 in the ALJ's Interrogatory (Ex. 18E) suffered from a 'marked limitation' (defined as a substantial loss of ability to effectively function in this area) in his ability to respond appropriately to usual work situations and to changes in a routine work setting.

(Tr. 273.) The question, as written, specifically assumes that the marked limitation was not accounted for in the ALJ's hypothetical. As written, counsel's hypothetical assumes that the ALJ's "no more than occasional changes in the work setting" limitation is different and less restricting than a "marked limitation (defined as a substantial loss of ability to effectively function in this area)." Counsel's hypothetical question cannot be interpreted any other way. The VE's response necessarily assumes that counsel's hypothetical is more restrictive. The VE's response states "No, such an individual with a marked limitation' (defined as a substantial loss of ability to effectively function in this area) would not be able to perform any of the claimant's pass [sic] jobs or as generally performed in the national economy…. No, the individual described in #1 could not perform any other unskilled occupations in the national economy." (Tr. 277.) In consideration of how "occasional" is commonly used in the social security context and Dr. Spencer/Crow's counsel definition of the term "markedly limited," the Court finds that the ALJ's hypothetical did not account for the markedly limited limitation in the RFC determination.

Next, the ALJ speculates that counsel's question was improper "without specific losses of functioning," therefore, he did not consider the VE's response. First, the Court disagrees that counsel's question lacked specifics. Second, the VE did not express any difficulty understanding the interrogatory presented by Crow's counsel. *Weiser*, 2017 WL 4264009 at *3. Crow's counsel defined markedly limited. The ALJ could have asked a clarifying interrogatory, if he believed that the VE was speculating, but he did not. The parties agree that Crow had this marked limitation. Counsel's question was clear and there is no evidence that the VE was speculating or that she misunderstood the question. The VE testified that there would be no jobs available with the marked limitation. Therefore, the Court finds that the VE's testimony is supported by substantial evidence. Because the vocational expert's testimony is case determinative and supported by substantial evidence, the Court will reverse and remand this action for an award of benefits.

**Conclusion**

Based on the foregoing, the Court finds that the Commissioner's decision is not supported by substantial evidence on the record as a whole. The Court has the power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. 405(g). When a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings. *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000). "Where the total record convincingly establishes disability and further hearing would delay the receipt of benefits, this court has ordered the immediate award of benefits without further delay." *Blakeman v. Astrue*, 509 F.3d 878, 890 (8th Cir. 2007) (Bye, J. dissenting).

Although remand is the usual remedy, "remand is not necessary where, as here, the record overwhelmingly supports a finding of disability." *Olson v. Shalala*, 48 F.3d 321, 323 (8th Cir. 1995). Because the Court finds that substantial evidence in the record supports that Crow's residual functional capacity is limited by a marked limitation in his ability to respond appropriately to usual work situations and to changes in a routine work setting and the vocational expert testified that there are no jobs available that Crow could perform with that restriction, the Court finds that Crow is disabled under the Social Security Act. Remand to the Commissioner for further proceedings would serve no useful purpose. *Id.* Therefore, the Court will reverse and remand this action to the Commissioner for an award of benefits.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and this case is remanded to the Commissioner for the award of disability insurance benefits.

**IT IS FURTHER ORDERED** that a separate Judgment will be entered in favor of Plaintiff.

Dated this 1st day of March, 2019.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE